■ BROADWAY SAVINGS BANK, Appellant, v. RACHLA ROSENBLAT, Doing Business as PANORAMA APARTMENTS Co., et al., Respondents.— Order entered March 19, 1969, modified on the law to grant summary judgment to plaintiff for the relief demanded in the complaint, and otherwise affirmed, with $50 costs and disbursements to the appellant. The documentary evidence establishes without question that defendant was in default on the mortgage in suit. Plaintiff declared the principal due but consented to withhold foreclosure until further notice. Plaintiff advised that notice would be given unless payments were met, including a service charge not provided for in the mortgage. Thereafter plaintiff gave notice that foreclosure would be instituted unless interest payments at the highest rate allowable by law were made. Defendant refused and this action for foreclosure was instituted. The defenses pleaded are oral representations which are completely belied by the writings. It is quite true that defendant was not required to meet any terms that plaintiff might demand; but it is equally patent that plaintiff could upon given notice institute foreclosure for this reason, or any other, or no reason at all. No issue is presented. Concur — Stevens, P. J., Eager, Tilzer, Markewich and Steuer, JJ.

## SECOND DEPARTMENT, JUNE, 1969

### (June 2, 1969)

■ FRANK H. BAYLES, JR., et al., Appellants, v. DENOS P. MARVIN, Respondent.— Order of the Supreme Court, Suffolk County, dated November 26, 1968, affirmed, without costs. No opinion. Brennan, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur. Martuscello, J., concurs insofar as the order denied plaintiffs' motion for summary judgment, but otherwise dissents and votes to strike out the second and third decretal paragraphs of the order, which *inter alia* granted summary judgment to defendant, with the following memorandum: In this action to impress a trust upon certain real property and for other and alternative relief, the order under review denied plaintiffs' motion for summary judgment and granted summary judgment to defendant dismissing the complaint. Defendant did not submit any papers in opposition to the motion; however, in his answer he asserted an affirmative defense of accord and satisfaction. While I agree with the majority insofar as they are affirming the denial of summary judgment to plaintiffs, I believe that there are genuine issues of fact asserted in the papers in support of the motion which require a trial; and, accordingly, I vote to reverse as to the dismissal of the complaint and the granting of summary judgment to defendant.